## Commonwealth *ex rel.* Gordon *et al. versus* Graham *et al.*

1. Quo warranto is the proper remedy against persons usurping the office of trustees of a chartered church.

2. A motion to quash must be for some defect in the suggestion itself, not for any matters outside.

3. Mere defects in form that can be amended, will not be regarded on a motion to quash.

February 28th 1870. Before READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Sur motion to quash writ of quo warranto : No. 109, to January Term 1870.

On the 23d of October 1869, George Gordon and others filed a suggestion in the Supreme Court, setting forth that James Graham and others had been and were exercising the franchises and privileges of the board of trustees of " The First Reformed Presbyterian Congregation in the City of Philadelphia;" that the said congregation is a corporation under a charter from the Commonwealth, which was also set out at large.

The following were articles in the charter :—

" Art. 4. That there shall be a board of trustees which shall consist of seven members, who shall be recognised by the session of this congregation, as being in full communion with this church.

" Art. 5. That there shall be an annual election for the members of the board of trustees on the first Monday of every year, of which notice shall be given two weeks previously from the pulpit. The election shall be by ballot in the church.

" Art. 6. That the persons capable of electing shall be all who are in full communion with the congregation, as well as all pewholders, though not in full communion."

The suggestion averred :—

"That at the regular annual election for the members of the board of trustees of said congregation, held in accordance with the terms of the charter, on the first Monday of the year, viz., on the 4th day January, A. D. 1860, the said George Gordon, &c. (the relators), were in due and regular form of law elected as a board of trustees of said congregation, and have been recognised by the session of the said congregation as being in full communion with the said church. But notwithstanding the premises and the

[Commonwealth *v.* Graham.]

said election they, the said James Graham, &c. (the defendants), have, during all the time since the said the 4th day of January, A. D. 1869, used and do still use the franchises, offices, privileges and liberties of a board of trustees of the said, 'The First Reformed Presbyterian Congregation in the City of Philadelphia,' and during the said time have usurped, &c. * * * Wherefore the said relators for the said Commonwealth do make suggestion and complaint of the premises, and pray due process of law against the said James Graham, &c., to be made to answer to the said Commonwealth by what warrant they claim to have, use and enjoy the franchises, offices, privileges and liberties aforesaid."

The quo warranto was allowed by Thompson, C. J., returnable on the first Monday in January 1870.

On that day the defendants moved to quash the writ for the following reasons :—

I. Because the relators are strangers to the corporation, and therefore are not entitled to sue out a writ of quo warranto in this case.

II. Because the defendants were, on the first Monday of January 1869, elected trustees of the First Reformed Presbyterian Congregation in the city of Philadelphia, in conformity with the charter of said corporation, as the same is set forth in the suggestion of the said relators, to wit :—

1. The notice of election prescribed by the charter was given.

2. The election was held at the time and in the place and manner prescribed by the charter.

3. The defendants were elected by the votes of duly qualified members of the corporation.

4. The defendants are duly qualified members of the corporation.

5. The defendants have been and are recognised by the session of the said congregation as being in full communion with the said church.

III. Because the relators, who claim to have been elected trustees of the said corporation on the said first Monday of January 1869, were not elected in conformity with the provisions of the charter of said corporation, to wit :—

1. The notice of election, prescribed by the charter of said corporation, was not given.

2. Express personal notice of the said election was not given to every member of the said corporation.

3. Their election was not held in the place prescribed by the charter of said corporation.

4. The relators were elected by strangers, and not by members of the said corporation.

5. The relators are not members of the corporation, but are strangers to it, and are therefore ineligible as trustees.

[Commonwealth v. Graham.]

6. The relators have not been, and are not recognised by the session of said congregation as being in full communion with the said church.

IV. Because this is not a proper case for the issuing of a writ of quo warranto.

A number of affidavits and documents were filed on each side, which it is not necessary to give.

*C. S. Patterson* and *Lowrie* (with whom was *Porter*), for the motion.—The writ of quo warranto is issuable, not of right, but only in the discretion of the court: 5 Bac. Abr. 184, tit. *Information*; People *v.* Sweeting, 2 Johns. 184; Commonwealth *v.* Murray, 11 S. & R. 73; Commonwealth *v.* Reigart, 14 Id. 216; Commonwealth *v.* Arrison, 15 Id. 127; Commonwealth *v.* Jones, 2 Jones 365; Commonwealth *v.* Cluley, 6 P. F. Smith 270. The practice is to issue the writ upon special allocatur, but to allow the defendant his preliminary hearing upon a motion to quash: Murphy *v.* Farmers' Bank, 8 Harris 415; Commonwealth *v.* McCutchon, 2 Pars. 205. The issue of the writ does not end the discretion of the court. Upon rule to show cause or motion to quash, where the material facts are not in dispute, the court will examine into the merits sufficient to satisfy themselves that the relators are entitled to sue out the writ, and that there is a primâ facie case against the defendant: Commonwealth *v.* Burrell, 7 Barr 34; Commonwealth *v.* Farmers' Bank, 2 Grant 392; Commonwealth *v.* Railroad Co., 8 Harris 518; Savings Institution Case, 1 Whart. 461; Commonwealth *v.* McCloskey, 2 Rawle 369.

*J. S. Price* and *F. C. Brewster*, Attorney-General, for relators.—The court will not quash an information on motion, but will leave the defendant to demur or plead to it: Cole on Crim. Information 70, 242; Rex *v.* Bricknell, 4 Burr. 2135; Rex *v.* Nixon, 1 Stra. 185; Rex *v.* Gregory, 1 Salk. 372; Com. Dig. *Information*, D. 4; Rex *v.* Stratton, 1 Doug. 227. A party exercising an office is a usurper unless he has a complete title: Cole on Crim. Inform. 138. They cited also Resp. *v.* Wray, 3 Dall. 490; Commonwealth *v.* Arrison, 15 S. & R. 132; Commonwealth *v.* McCloskey, 2 Rawle 369; Commonwealth *v.* Meeser, 8 Wright 343.

The opinion of the court was delivered, March 10th 1870, by

READ, J.—This is a writ of quo warranto, and the suggestion, filed and verified by affidavit, sets forth the charter of incorporation of "The First Reformed Presbyterian Congregation in the City of Philadelphia," and that at the regular annual election for the members of the board of trustees of said congregation the said relators were in due and regular form of law elected as a

[Commonwealth *v.* Graham.]

board of trustees of said congregation, and have been recognised by the session of the said congregation as being in full communion with the said church; and it then charges that the defendants have notwithstanding used and do still use the franchises, offices, privileges and liberties of a board of trustees of said congregation, and have usurped and do usurp upon the Commonwealth therein, to the great damage of the constitution and laws thereof; wherefore the said relators pray the process of law against the said defendants to answer the said Commonwealth by what warrant they claim to have, use and enjoy the franchises, offices, privileges and liberties aforesaid. This court has jurisdiction of this case, and it is a proper case for the issuing of a writ of quo warranto (Commonwealth *v.* Arrison, 15 S. & R. 127; Same *v.* Woelpper, 3 Id. 29), as settled by the uniform course of decision and practice for more than half a century.

This writ was allowed by the Chief Justice, and the rule to show cause is entirely dispensed with: Murphy *v.* Farmers' Bank of Schuylkill County, 8 Harris 415; Commonwealth *v.* Commercial Bank of Pennsylvania, 4 Casey 383. In these cases motions to quash were made, and in the first the writ was quashed, whilst in the second the motion to quash the writ was overruled. Since the case in 4 Casey, which was thirteen years ago, motions to quash seem to have fallen into disuse, and the course pointed out by the Act of the 14th June 1836 has been pursued, the defendants either answering, pleading, or demurring to the suggestion filed.

Upon a motion to quash, it must be for some defect in the suggestion itself, and not for any matter outside of it. Mere defects in form that can be amended will not be regarded. All the affidavits and evidence that have been put before us by either side must be laid aside, and we must confine our attention to the suggestion alone. The suggestion seems regular in form, and if demurred to, it would seem might hold water: 4 Casey 387. It asserts the title of the relators, which upon demurrer would seem to be sufficient. We do not so decide now, but a reasonable doubt, or rather a reasonable belief, that such might be the case must oblige us to refuse the motion.

We express no opinion whatever on the merits which have been so ably argued by the counsel on both sides, and confine ourselves to the naked legal question arising out of the motion to quash.

The motion to quash the writ of quo warranto is overruled.