ATLANTIC MILLING CO., (AMERICAN MIDDLINGS PURIFIER CO. v.) See Case No. 305.

ATLANTIC, M. & O. R. CO., (SKIDDY v.) See Case No. 12,922.

ATLANTIC MUT. FIRE INS. CO., (SMITH v.) See Case No. 13,005.

ATLANTIC MUT. INS. CO., (LUMA v.) See Case No. 8,605.

## Case No. 628.

### In re ATLANTIC MUT. LIFE INS. CO.

[9 Ben. 270;[1] 16 N. B. R. 541; 16 Alb. Law J. 453; 24 Int. Rev. Rec. 13.]

District Court, N. D. New York. Dec., 1877.

MUTUAL INSURANCE COMPANY—RECEIVER—POLICY-HOLDERS—ADJUDICATION IN BANKRUPTCY.

1. A receiver of a mutual life insurance company, a corporation, was appointed by a state court. Afterwards, on a petition in bankruptcy, filed in the name of the corporation. it was adjudged a bankrupt by this court. The holders of policies issued by the corporation were, by its charter, entitled to vote for trustees of it, and to share in its profits. The policy-holders were not notified of the meeting called for the purpose of authorizing the proceedings in bankruptcy: Held, That the receiver had a sufficient standing to move the bankruptcy court to set aside the proceedings in bankruptcy;

2. He could not be allowed to show that the corporation was not insolvent.

3. The policy-holders were corporators, within the meaning of § 5122 of the Revised Statutes. and that, as they were not notified of the meeting. the court had no jurisdiction to entertain the proceedings in bankruptcy, and they must be set aside.

[In bankruptcy. Heard on motion to set aside an adjudication in bankruptcy. Motion granted.]

Henry Smith, N. C. Moak, and William C. Ruger, for receiver.

Amasa J. Parker. George L. Stedman, and D. J. Norton, opposed.

WALLACE, District Judge. Upon the application of the attorney-general of this state, after opposition on behalf of the Atlantic Mutual Life Insurance Company, that corporation was restrained from the further prosecution of its business, by a decree of a court having jurisdiction in the premises, and a receiver was appointed by such decree, who has filed his bond, taken possession of the assets of the company, and continues in the discharge of his trust. The proceeding

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

was conducted conformably to chapter 902 of the Laws of New York, of 1869. Subsequently a petition in bankruptcy was filed in this court, in the name of the corporation, by a trustee thereof, upon which the corporation was adjudicated a bankrupt. The receiver now moves to set aside such adjudication, alleging that the proceedings in bankruptcy were not in conformity with the bankrupt law, and that the corporation was not insolvent.

(1) Among the several questions presented is one relating to the right of the receiver to be heard. I do not doubt that he has a sufficient standing in court for the purpose of the motion. He is in possession of the assets of the bankrupt, and, if he chooses to relinquish his lien upon the funds, he can doubtless prove a claim against the bankrupt for his expenses in executing his trust, and for his commissions or services.

(2) Whether or not the corporation was insolvent, is a question not open on this motion. The decisions are, that in the case of an individual who has been adjudicated a bankrupt on his own petition, the adjudication cannot be assailed by proof that he was not in fact insolvent; that, if he owe debts and resides within the jurisdiction, as specified in section 5014 of the Revised Statutes of the United States, the court has jurisdiction to entertain his petition and adjudicate him a bankrupt; that the filing of the petition is, per se, an act of bankruptcy, and is so declared by the section in question; and that the solvency or insolvency of the debtor is not material. There is no distinction in this regard between proceedings by individuals and by corporations.

(3) The serious and doubtful question, in my view, is, whether the policy-holders in the corporation are corporators, within the meaning of section 5122, of the Revised Statutes of the United States. If they are, they not having been notified of the meeting called for the purpose of authorizing proceedings in bankruptcy, and the proceedings not having been authorized by the vote of the majority of the corporators, the filing of the petition was not the act of the corporation, within the section, and a condition essential to the jurisdiction of this court does not exist; in which case, although the proceedings might not be assailed collaterally, the adjudication may be attacked in the proceeding itself, by a motion to set it aside.

A corporator is one who is a member of the corporation, one of the stockholders or constituents of the body corporate. The charter of this corporation provides, that every stockholder shall be entitled to one vote for trustees, for each and every share of the capital stock standing in his or her name on the books of the company, and every holder of a policy of the company for the whole term of life, or an endowment policy for five hundred dollars and upwards, and which has been in existence for one full year, shall be entitled to one vote for each five hundred dollars so insured. The charter also provides, that, in each year, after placing to the credit of the stock seven per cent. on the amount of the capital, and a further sum of one-fifth of the residue of the profits, as a reserve fund for retiring the capital stock, the remaining four-fifths shall be placed to the credit of the policy-holders, who, to that extent, shall participate in all the profits of the company, until the retirement of the capital stock, after which the whole profits shall be divided among the policy-holders. While the policy-holders are not holders of scrip which evidences their right to an interest in the assets of the corporation, and while their interests are not transferable like those of stockholders, in all other respects their position toward the corporation is the same as that of the stockholders. Neither are personally liable for assessments or otherwise, beyond the sum fixed by contract with the company, the stockholders' liability being that assumed in their subscriptions for stock, and the policy-holders' that assumed in the policies issued to them. Both have a voice in the management, and a share in the profits, the extent of which is not material, in ascertaining their legal status. There is a community, though not an equality, of interest in the assets, and of control in the management, which constitutes both classes members of the corporation. I think it is the intent of the section of the bankrupt law under which proceedings in bankruptcy by corporations are authorized, that the voice of all who have a right to participate in the management of the corporation, and to share in its assets, shall be heard and obeyed before an adjudication, which is essentially a dissolution of the corporation, shall be obtained. It is ordered that all the proceedings in bankruptcy be set aside.