LEWIS GOULDING & others *vs.* JAMES G. STANDISH & others.

Plymouth. November 18, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Voluntary Association.*

A change in the constitution of a voluntary association is not made invalid by a failure to follow the exact formalities required by a by-law, the purpose of which is to provide against changes without full notice to the members of the action proposed, if the substance of the by-law was complied with and its essential spirit observed.

BILL IN EQUITY, filed May 2, 1900, alleging, that the plaintiffs and defendants and their associates were members of a voluntary association known as Appomattox Command, No. 22, Union Veterans' Union, and that upon a certain revision of the constitution and by-laws described in the bill that body was known as Appomattox Regiment, No. 22, Union Veterans' Union, or Order of Union Battlemen of the United States;

that the plaintiffs, with their associates, had remained, and were members in good standing of the association and of the regiment named; but that the defendants, with their associates, had refused to comply with the laws of the association, and had withdrawn from it, and had organized a new association, not a part of and owing no allegiance to the original association; and praying, that the defendants be restrained from using, removing or in any way interfering with the property, charter or records of Appomattox Command, No. 22, and from permitting any of their associates or employees to use, remove or interfere with the same, and that they be ordered to deliver possession of the meeting place, and the property, records, and charter of the command to the plaintiffs and their associates, and for further relief.

In the Superior Court *Fox*, J. reserved the case and reported it for the consideration of this court, such decree to be entered as law and justice might require. The case of the plaintiffs depended upon the validity of the change in the by-laws alleged in the bill. The defendants denied its validity.

*A. F. Barker*, for the plaintiffs.

*L. E. Chamberlain & E. H. Fletcher*, for the defendants.

HAMMOND, J. It appears that at the national encampment held in 1895 a committee of five was appointed "to revise the Constitution, Rules and Laws of the order, and to make [its] report at the next meeting," and that another resolution "to make several changes in the Constitution" was referred to a committee, which we infer was the same. At the encampment held in 1896, the committee not being ready to report, it was voted "to continue" it "until the next Encampment," and, on motion of a delegate from Massachusetts, "resolutions in regard to certain changes were referred to" it. At the encampment held in 1897, the chairman of the committee on revision resigned and his resignation was accepted. It was then stated by one of the members of the committee that, owing to the resignation of the chairman the committtee was unable to report, but "the work of the committee on revision was recognized in a printed form of suggested changes, distributed among the members," and "motions to amend and refer back to the committee were discussed," but no action was taken on it by the encamp-

ment. It thus fairly appears that, while the report had not been formally presented to the encampment, still the printed report which was placed in the hands of the members was regarded in substance as the report of the committee and was fully discussed in the meeting as if formally before it. No action however was taken thereon, perhaps because it had not yet been formally reported. At the encampment held in 1898 no action was taken on the matter. At the encampment held in 1899, however, the committee made a report as follows: "Your Committee, appointed at the Eleventh National Encampment, held at Binghampton, N. Y., August 1896, to revise the Constitution and Rules and Regulations of the Organization, and continued each year from inability to make a full report, would respectfully report the revision as annexed." This report was signed by the judge advocate as chairman and by another member of the committee. Before it was presented to the meeting, a written communication from the command Appomattox, No. 22, of which these plaintiffs and defendants were then members, addressed to one French, a delegate from Massachusetts, saying that the command had voted to instruct him to oppose any attempt made to change the name of the organization, was read by French to the meeting. The report of the committee, upon being presented, was read and discussed, article by article, and adopted by a vote of eighty-seven in the affirmative to nine in the negative. No member seems to have objected that the report and the changes therein proposed were not properly before the meeting for discussion and for action, either in the way of rejection or adoption; and no member seems to have suggested or thought that the action taken was invalid.

It is now, however, contended by the defendants that it was invalid because not in compliance with Article 30 of the rules and regulations of the order. According to this article, in order to effect a valid amendment, the proposition to change must be submitted in writing to the meeting and referred to a special committee of which the incoming judge advocate shall be chairman, the report thereon must be made at the next annual meeting, and the change supported by a three fourths vote. The plain purpose of this article is to provide against changes without full notice to the members of the action proposed.

There is nothing to show that the resolutions originally referred to the committee at the meeting of 1896 were not in writing ; but whether that be so or not, a printed report of the changes proposed was before the meeting of 1897 and discussed, and the committee were given a longer time within which to make a formal report. It is true that no action was taken at the meeting in 1898, but in 1899 the report was received and acted upon. There is nothing in this case to show that the propositions before this last meeting were not substantially, or indeed identically, the same as those contained in the printed documents which came informally from the committee in 1897 and were discussed at that time. Indeed these changes seem to have been considered with much more than the usual care. The report was signed by the judge advocate, and we think that it was properly received in 1899. The action in effect is the same as if a vote for further time had been passed in 1898. Upon this report we cannot say that the action upon the proposed amendments was invalid by reason of non-compliance with Article 30. The essential spirit of the article was observed.

We do not understand that the defendants contend that the changes were so radical in their nature that they could not have been made by the encampment. They appear, therefore, to be valid.

The subsequent proceedings show that the defendants are no longer affiliated with the present organization as it now exists, but that on the contrary the plaintiffs are affiliated with and recognized by it as the society formerly known as Appomattox Command, No. 22, Union Veterans' Union, but now known as Appomattox Regiment, No. 22. The plaintiffs therefore are entitled to the charter, records and property of the society formerly known by the first name above mentioned.

*Decree for the plaintiffs.*