# HAYES v. BURNS.

Quo Warranto; Equity; Offices.

Where in a suit in equity it appeared that the title to office in a regularly incorporated private domestic corporation was the sole or main question at issue, as shown by the record; that the defendants were in possession under a claim of election; and that the only standing the complainants had was by virtue of a claimed election,—this court *reversed* a decree of the lower court for the complainants, and directed a dismissal of the bill, on the ground that the court below was without jurisdiction, the remedy of the complainants, if any, being by quo warranto.

No. 1470.    Submitted March 7, 1905.    Decided March 22, 1905.

Hearing on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia in a suit in equity to determine the respective rights of the parties claiming to be the duly elected officers of the Knights of Labor, for, an injunction, etc.            *Reversed.*

The Court in the opinion stated the case as follows:

This is a suit in equity begun by Simon Burns and five associates, claiming to be the general officers of the Knights of Labor, a corporation organized under an act of Congress relating to the incorporation of trade unions in the District of Columbia, which corporation was joined as a party complainant. John W. Hayes and five associates, also claiming to be the general officers of the same corporation, and in possession of its property, were made defendants.

The bill alleges that the individual complainants are the legally elected and duly qualified and installed officers of the Knights of Labor, and entitled to the possession of its property,

and that the defendants are not such officers, but are in possession of its property, which they are converting to their own use and wasting; that the defendants threaten to remove the property out of the jurisdiction of the court, or to destroy it; that the corporation known as the Order of the Knights of Labor consists of a general assembly, and of many subordinate organizations or assemblies situated in various sections of the country; that it derives the revenue necessary to carry on its work and its functions as a beneficial labor organization from a *per capita* tax paid to its general officers by the various subordinate lodges and assemblies, and that the defendants are collecting these taxes and converting them to their own uses; that they have fraudulently conspired to get possession of the books, records, and other property of the organization; and that they are insolvent. The bill also recites at length the history of the meeting of the corporation at Niagara Falls, N. Y., in November, 1902, at which both sets of men claim to have been elected its general officers. The relief prayed is that the court decree that the complainants are the lawful officers and members of the general executive board of the Order of the Knights of Labor, and that the defendants are not such officers and members of the executive board. Incident to this relief the court is asked to enjoin the defendants from selling or otherwise interfering with the property of the corporation; from collecting the taxes from the subordinate assemblies; from interfering with the complainants in assuming control of the property, or from discharging their duties as such officers. A discovery and account is also claimed of the moneys collected by the defendants; and an order that the defendants turn over to the complainants all of the property of the corporation, much of which is specifically enumerated.

The answer is voluminous, but in effect it denies that the complainants are the general officers of the corporation, and alleges that the defendants are such officers; it denies that the Order of the Knights of Labor is a party complainant; admits that the defendants are in possession of the property of the order, and that they are collecting the taxes due from the

subordinate assemblies; denies that they are insolvent; denies that they intend to remove the property from the District of Columbia, or to destroy it. In short, the answer denies all the material averments by virtue of which the complainants ask the interposition of a court of equity. It then proceeds to give a history of the Knights of Labor; its organization and its many subordinate elements; the duties of its various officers, and gives the defendants' version of the Niagara Falls meeting, at which they claim to have been elected, and thereafter duly installed as the lawful officers of the corporation. In the fortieth paragraph of the answer the jurisdiction of the court, sitting as a court of equity, is denied, and it alleges that the bill does not set forth any ground for equitable relief. In the view we take of the case a demurrer might well have been filed to the bill, thereby relieving the parties of the great expense of the trial and the court of much labor.

Upon the bill, affidavits, and other papers a temporary injunction was granted. This injunction, upon the answer and affidavits and exhibits filed on behalf of the defendants, after hearing counsel for the respective parties, was dissolved. Later on the complainants moved for and obtained a restraining order to the effect that both parties be restrained from holding, or attempting to hold, any general assembly of the Knights of Labor. Shortly thereafter an order was made that the evidence be taken in open court so far as it related to the Niagara Falls meeting, at which the parties to this suit claimed to have been elected general officers of the order, and also as to the alleged expulsion of the complainant Hicks.

Thereupon the court proceeded to the trial of the cause, and proofs consisting of some nine hundred printed pages were taken. The trial resulted in a decree for the complainants, the salient feature of which is that the complainants are found to be the general officers of the order and the members of the general executive board of the Order of the Knights of Labor, and that the defendants are not such officers and members of the executive board. Incident to this, and properly so, if the first finding was one that the court could make, an account and injunction

were ordered and the defendants directed to turn over the property of the order to the complainants.

From this decree the defendants have taken this appeal, alleging various grounds of error which may be summarized as follows: (1) That the court erred in holding the case to be one over which a court of equity has jurisdiction; and (2), admitting that the case be one within the jurisdiction of a court of equity, the court erred, in light of the testimony, in granting a decree in favor of the complainants.

*Mr. Henry E. Davis* and *Mr. Edward B. Kimball* for the appellants.

*Mr. Charles C. Cole* and *Mr. R. Golden Donaldson,* for the appellees:

1. The court below had jurisdiction. The bill is by a corporation having title to property therein mentioned, to protect it from waste and dissipation by unauthorized persons, and to have it placed in the possession and control of the proper officers of the corporation, which officers are, by the constitution of the order, declared to be the trustees for the purpose of holding the said property for the benefit of the entire organization. *Watson* v. *Jones,* 13 Wall. 679; *Walker* v. *Johnson,* 17 App. D. C. 144, and cases there cited; *Supreme Lodge* v. *Simmering,* 88 Md. 276; *Goulding* v. *Standish,* 182 Mass. 401; 1 Pom. Eq. Jur. sec. 181, and cases therein cited; *Pond* v. *Vermont Valley R. Co.* 19 Fed. Cas. 11,264; 21 Am. & Eng. Enc. Law, 2d ed. p. 843, and cases therein cited; *Armstrong* v. *Gilchrist,* 2 Johns. Cas. 424, and many other cases cited in the decisions following.

2. Equity has jurisdiction on the ground of fraud. The bill alleges insolvency on the part of the defendants, and a waste of and injury to the property of the corporation, to the possession of which property the complainants are entitled, making a case of irreparable loss and injury. *Vicksburg Waterworks Co.* v. *Vicksburg,* 185 U. S. 65, 82; *Nichols* v. *Jones,* 19 Fed. 855.

3. The allegations of the bill show proper grounds for inter-
ference of a court of equity to prevent a multiplicity of suits.
*United States* v. *Union P. R. Co.* 160 U. S. 1; *Coosaw Min. Co.*
v. *South Carolina,* 140 U. S. 567; *Nichols* v. *Jones,* 19 Fed.
855; *Sanford* v. *Poe,* 69 Fed. 546; *Oelrichs* v. *Spain,* 15 Wall.
211–228; 1 Pom. Eq. Jur. secs. 181, 243, 299; *Black* v.
*Shreeve,* 7 N. J. Eq. 440; *New York R. Co.* v. *Schuyler,* 17 N.
Y. 599; *Sheffield Waterworks Co.* v. *Yoemans,* L. R. 2 Ch. 8;
*Ware* v. *Harwood,* 14 Ves. Jr. 28; *Saratoga Co.* v. *Deyoe,* 77
N. Y. 219.

4. A court of equity has jurisdiction to entertain the suit,
because the allegations of the bill lay a foundation for an ac-
counting, and pray for a discovery and accounting against the
defendants. *Seymour* v. *Long. Dock Co.* 20 N. J. Eq. 396;
*Tillar* v. *Cook,* 77 Va. 477; *Fair* v. *Stickney Farm Company,*
35 Minn. 380.

5. The court did not err in its determination of the issues of
fact found in the case.

Mr. Justice DUELL delivered the opinion of the Court:

The first question requires for its decision the determination
as to the nature of the proceeding. This may be easily gathered.
from a study of the pleadings, the proofs, the statements of
counsel, and the opinion of the learned justice before whom the
case was tried.

The pleadings clearly show that the main question, and the
one without which no other question could have been decided,
was the right of the rival parties to the offices to which each
claimed to have been elected at the same meeting of the order,
in November, 1902, at Niagara Falls. The bill attempts to
thinly conceal that this is the principal question by alleging
various grounds for equitable relief, and by praying for such
relief; but when the case comes on for trial the complainants'
counsel frankly states that the "general object of the bill is to
declare that the complainants are the general officers, the
general executive board, of the Order of the Knights of Labor,

and that the defendants are not such, each set of officers claiming to have been elected to those respective offices at the meeting of the general assembly of the Knights of Labor which met at Niagara Falls on the 11th of November of last year, 1902." The proofs are directed to that question, and it is self-evident that without a finding upon that question the court was powerless to make any other finding. The court clearly recognized this, and we find the statement made in the opinion of the court that "the sole question at issue in the case, therefore, is whether or not the complainants are the legally constituted Order and Officers of the Knights of Labor (Incorporated)." It is manifest that if the complainants are not such officers they have no standing in court. Both sets of parties claim to be such general officers of the corporation, and both claim to have been elected at the same convention. The defendants, claiming to be such officers, were in possession of the property of the corporation, and the complainants were compelled to show and prove that they were entitled to the offices, before they could claim the possession of the property and ask that the defendants be enjoined from interference with the rights of the complainants to administer the affairs of the corporation. Approach the case from any and every standpoint, it will always be found that the question which must be first determined is the single, naked question of the title to the offices. We agree with counsel and court that the question of questions is the title to the offices, and until that is decided in favor of the complainants no relief of any nature can be granted them. The defendants were in possession of their respective offices in the corporation, which was a private one, organized under and by virtue of an act of Congress, and the presumption was that they had been legally elected, and consequently they could only be legally ousted by proceedings brought in proper form. Both the common law and the Code of the District of Columbia clearly point out the legal course to be pursued in determining the title to an office in a corporation such as is the one in question. We apprehend that quo warranto is that remedy. Equity is not the remedy. The adjudicated cases are quite unanimous. They speak with no

uncertain sound, and such cases as may seem to depart from the rule will be found to be based upon some exceptional fact,— such, for example, as when the title to the office is a mere incident of the case, and not the main or sole question, as it is in the case at bar.

Referring to only two or three of the many cases similar to the one under consideration, we find the law seemingly well settled. In *Bedford Springs Co.* v. *McMeen,* 161 Pa. 639, 29 Atl. 99, which was a suit in equity, where the relief sought was substantially the same as these complainants ask, we find the court affirming a judgment dismissing the bill upon the ground that the complainant had mistaken its remedy. The court said: "While it is true that the bill in this case was brought to compel the delivery of the property of the company, yet the real controversy as set forth in the bill and answer is upon the validity of the election of the defendants as directors of the company. If they were lawfully elected, the plaintiff has no case and is not entitled to the property claimed. Their title to the office of directors is, therefore, the real question at issue. All the averments of the bill tend to this one subject. Another election of other persons is asserted to have been the only lawful election, and the election of the defendants is alleged to have been unlawful. Thus the title of the one set of directors or of the other forms the matter of contention, and the right to have possession of the property in question is only incidental to the right to the office." See also *Com. ex rel. Gordon* v. *Graham,* 64 Pa. 339; *Gilroy's Appeal,* 100 Pa. 5. In the latter case the court said: "It is perfectly clear that such a question" (title to office) "cannot be tried by such a proceeding" (by bill in equity). "The statutory remedy is not only adequate, but it is exclusive." There is a statutory remedy applicable to this case, which is brought in the District of Columbia, the place of incorporation and the home of the corporation, control of which is sought in this proceeding. The suit was brought after the Code went into effect. Section 1538 of the Code provides that the remedy in this class of cases is by quo warranto. It says: "A quo warranto may be issued from the supreme court of the

District of Columbia in the name of the United States,—first, against a person who usurps, intrudes into, or unlawfully holds or exercises within the District * * * an office in any domestic corporation." [31 Stat. at L. 1419, chap. 854.]

In *New England Mut. L. Ins. Co.* v. *Phillips,* 141 Mass. 535, 6 N. E. 534, which was an equitable proceeding, the court, in referring to a subject the same as now under consideration, said: "Appreciating the difficulty of maintaining a bill in equity for the purpose of directly determining a contested election, the plaintiff contends, in the first place, that the court, being possessed of the cause for the purpose of correcting and restraining a violation of trust, may proceed to enjoin the directors, who hold under and in consequence of such violation of trust. The learning of counsel has not furnished us with any instance of such an application of the equitable doctrine invoked in aid of the jurisdiction, and, after some research, we have been unable to find any. This course is open to the objection that suits to remove or to institute corporation officers do not belong to the original jurisdiction of chancery, and the right to be such officers cannot, in general and in the absence of special legislation affording this remedy, be tested by means of an injunction."

The cases cited by complainants' counsel do not seem in point. *Walker* v. *Johnson,* 17 App. D. C. 144, was an appeal from a decree granting a preliminary injunction restraining, *pendente lite,* the holding of a corporation election. It is not an authority in any view that a bill in equity is the proper proceeding to try the question of title to an office. *Goulding* v. *Standish,* 182 Mass. 401, 65 N. E. 803, is not an authority that title to an office in an incorporated domestic corporation can be tried in equity. In that case the plaintiffs and defendants and their associates were members of a voluntary association. The plaintiffs and their associates remained members of the association, while the defendants and their associates had refused to comply with the laws of the association, and had withdrawn from it and organized a new association. The relief sought was to restrain the defendants from removing or interfering

with the property of the old association, and for its delivery to the plaintiffs. No question of the title to any office was involved. It was a contest between two independent associations. *Watson* v. *Jones,* 13 Wall. 679, 20 L. ed. 666, does not sustain the plaintiffs' contention. The main question there decided was not that of title to office. Such question at best was an incident in the litigation. The main questions presented were as to the jurisdiction of the circuit court, and as to the character and extent of the jurisdiction vested in those voluntary associations sometimes called ecclesiastical courts, and how far they are independent of the civil courts. The controversy was over church property, and the defendants were enjoined from using or controlling the church edifice and property, and from hindering or preventing anyone from worshiping in the church or participating in any of its religious exercises according to the usages of the church. It was a peculiar case, and the court recognized it as such, and we are unable to find in it any authority for holding that the title to an office in a domestic corporation, where that is the main or sole question to be decided, can be determined by a suit in equity rather than by the common-law and statutory remedy of quo warranto.

As we have said, the decisions of the courts are quite in unison in holding the proper remedy to determine the question of title to office to be quo warranto.

It appearing that the title to office in a regularly incorporated domestic corporation is the sole or main question at issue herein, as shown by the pleadings, the admission of counsel appearing in the record, and by the opinion of the trial court; that the defendants were in possession under a claim of election; and that the only standing the complainants had was by virtue of a claimed election,—we are of the opinion that the court was without jurisdiction to try the question in this action, and that it should have dismissed the bill and left complainants to determine the question by quo warranto, as provided by the Code of the District of Columbia, and as warranted by common law. Thus holding it would be improper for us to express any opinion upon the second alleged ground of error.

From these views it follows that the decree of the court below must be and it is reversed, with costs; and the cause will be remanded to the Supreme Court of the District, with direction to dismiss the bill of complaint. And it is so ordered.

*Reversed.*

An appeal to the Supreme Court of the United States was prayed by the appellants, and allowed April 4, 1905.