# Petition of James Matthews, et al., Appeal of Grant Street Reformed Presbyterian Church, et. al.

*Corporations—Election—Quo warranto—Church law—Election of trustees—Jurisdiction of court—Act of April 29, 1874, P. L. 73.*

1. The correct way to test the validity of an election of trustees of a church by the congregation is by writ of quo warranto; the court has no jurisdiction to proceed upon petition under the Act of April 29, 1874, P. L. 73. Such proceedings must be by quo warranto.

2. Section 8 of the Act of April 29, 1874, P. L. 73, providing for the incorporation and regulation of certain corporations, does not authorize a proceeding under the Act of July 2, 1839, P. L. 519, to test the validity of a corporate election. An adequate and exclusive statutory method of proceeding in such a case is by writ of quo warranto to test the rights of parties to the office they claim to exercise.

3. It is error for the court in a proceeding begun by petition of certain members of a church corporation praying that a congregational election of trustees be set aside for alleged irregularities to decree the election invalid and order a new election.

Argued October 24, 1912.   Appeal, No. 117, Oct. T., 1912, by Grant Street Reformed Presbyterian Church and Robert G. Woodside, et al., President and Members of the Board of Trustees, from decree of C. P. Allegheny Co., Third T., 1911, No. 56, setting aside election of church trustees In re Petition of James Matthews, William Moore, John A. Brownlee, Jr., W. J. Sands and Thomas Thompson. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Reversed.

· Petition to set aside election of trustees of a church. Before DAVIS, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*John C. Bane,* with him *W. C. McClure,* for appellants.—The court had no jurisdiction in this proceeding to declare the invalidity of the election: Gilroy's Appeal, 100 Pa. 5; Com. v. McCutchen, 2 Parson 205; Updegraff v. Crane, 47 Pa. 103; Com. v. Graham, 64 Pa. 339; Jenkins v. Baxter, 160 Pa. 199; Bedford Springs Co. v. McMeen, 161 Pa. 639; Titusville Oil Exchange's Dissolution, 2 Pa. Superior Ct. 508; Dayton v. Carter, 206 Pa. 491; Goldsworthy v. Boyle, 175 Pa. 246; Brower v. Kantner, 190 Pa. 182; Com. v. Jankovic, 216 Pa. 615.

*Robert Woods Sutton,* with him *Watson & Freeman,* for appellees.—The Act of April 29, 1874, P. L. 73, authorized the proceeding: Commonwealth v. Straus, 32 Pa. Superior Ct. 389.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:
This was a proceeding begun by petition filed in the Court of Common Pleas by certain members of the congregation of the Grant Street Reformed Presbyterian Church of the City of Pittsburgh, praying that the

congregational election at which these appellants were declared elected as trustees of the body should be set aside because of certain alleged irregularities in the election, and a new election ordered. An answer was filed denying the averments in the petition as to irregularity, and thereupon the case proceeded to a hearing which resulted in a decree declaring the election illegal and void, and ordering a new election. We are not concerned to inquire into the merits of the controversy as regards the election, since no matter how irregular the election may have been, it cannot be reviewed in a proceeding such as this. A statutory method is provided for the correction of such wrongs as are here complained of, not only adequate in itself, but exclusive, that is, by writ of quo warranto to test the right of parties to the office which they claim to exercise. We need only refer to the following cases which are directly in point: Commonwealth v. Graham, 64 Pa. 339; Bedford Springs Co. v. McMeen, 161 Pa. 639; Dayton v. Carter, 206 Pa. 491.

It was supposed that the proceeding here attempted was authorized by the Act of April 29, 1874, providing for the incorporation or regulation of certain corporations, and such construction of the act has been vigorously pressed in the course of the argument in support of the decree. It needs only a careful reading of the act to show that its object and purpose in this respect have been misconceived. It is the eighth section that is here involved. This particular section, after providing that all judges and other officers conducting a corporate election, shall, before entering upon their duties, duly qualify by oath or affirmation to discharge their duties with fidelity and prescribing for punishment for failure of duty, provides that "if any election, as aforesaid, be held without the person holding same having first taken an oath or affirmation as aforesaid, or be invalid for any other reason, such election shall be set aside in the manner now provided by law, and a new election

ordered by the Court of Common Pleas of the proper
county, upon the petition of not less than five stockhold-
ers supported by proof satisfactory to said court." The
method then existing provided by law was a writ of
quo warranto, as we have seen. There can be no ground
for assuming that the reference here was to the general
election law of July 2, 1839, P. L. 519, as contended.
The sections of this earlier act to which we are re-
ferred, viz, 103-104 and 105, conferred upon the quarter
sessions courts jurisdiction to hear and determine all
cases in which the election of any county or township
officer may be contested. Need it be argued that under
the provisions of this act no court would have taken
to itself jurisdiction to set aside a private corpora-
tion election? To have done so would have been a
flagrant usurpation of authority. It follows necessarily
that since a private corporation election was so far
without the purview of the Act of 1839, that the refer-
ence in the Act of 1874 to "the manner now provided by
law," could not have been to the provisions of the Act
of 1839, which deals wholly and exclusively with public
elections. In no sense was the proceeding authorized
by the Act of 1839 a then existing remedy for such ir-
regularities as are here complained of. The reference
must have been to proceedings by quo warranto, the only
legal method then existing. The true meaning of the
last sentence in the section quoted from the Act of 1874
may not be so apparent at a first reading as a better
construction of the sentence would have made it, but it is
unmistakable nevertheless. In directing that a new
election may be ordered by the Court of Common Pleas
upon the petition of not less than five stockholders, it
was providing against a contingency which would cer-
tainly happen were an election to be set aside by quo
warranto proceeding, a vacancy in the entire board.
The provision removes all doubt, if any were left open
under the Quo Warrant Act, as to the power of the court

to fill a vacancy so created. It could not have been in-
tended as a provision supplementary to the Act of 1839.

The decree itself is made the subject of the first assign-
ment of error, and this we sustain.

The decree is reversed.