## McDowell, Appellant, v. Wilson.

*Church law—Trustee—Right to office—Ouster of trustee by session—Presbyterian rules—Jurisdiction of court—Quo warranto.*

1. The exclusive method of testing the right of a person to the office of trustee of an incorporated church is by quo warranto.

2. In a church governed by the Presbyterian rules the trustees are in no way responsible to the session nor has the latter any jurisdiction over them, and where the session undertakes to dispossess a trustee of his office such action is null and void.

3. A decree of a church judicatory is binding upon the civil courts only when it is affirmatively shown that it has acted within the scope of its authority and has observed its own organic forms and rules.

4. In an action of trespass against the members of the session of a Presbyterian church to recover damages alleged to have resulted to plaintiff by reason of the defendants' unlawful acts in ousting him from office as a trustee, and as a member of such church, the real question in controversy is plaintiff's right to such office; quo warranto is the proper form of action, and a demurrer to the statement of claim in such case is properly sustained.

Argued Oct. 20, 1915. Appeal, No. 83, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 857, sustaining defendant's demurrer to plaintiff's statement of claim and entering judgment thereon in case of Alexander McDowell, Jr., v. John Ŀ Wilson, John H. Porter, Herman Bruder, Donald Clark,

Thomas Wallace and Joseph B. Dilks.    Before MESTRE-
ZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for expulsion from a
church office.    Before SWEARINGEN, J.

The facts appear by the opinion of the Supreme Court.

The court sustained a demurrer to the statement of
claim and entered judgment for defendants.    Plaintiffs
appealed.

*Error assigned* was in sustaining the demurrer to
plaintiff's statement of claim, and the judgment of the
court.

*Frederic C. Grote,* with him *Hermann L. Grote,* for ap-
pellant.

*Robert Woods Sutton,* with him *Watson and Freeman,*
for appellees.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

In this action of trespass, the plaintiff in this case
sought to recover damages from the defendants for their
conduct in wrongfully expelling him from his office of
trustee in the Grant Street Reformed Presbyterian
church, and from membership in said church.    Defend-
ants demurred to plaintiff's statement of claim upon the
ground that the alleged cause of action was exclusively
within the jurisdiction of the ecclesiastical tribunal
which acted upon it, and the civil court was without
jurisdiction; further, that no civil or property rights
were involved.    The court below sustained the demurrer.
It is apparent that the real question at issue here, is
plaintiff's title to the office of trustee.    It is his exclu-
sion from that office, of which he chiefly complains.    If
he was rightly excluded, he has no case.    He must stand
or fall, as his right to that office may be determined.

Another phase of this same controversy was before

this court, as reported in Matthews' Petition, 238 Pa. 419.  There certain members of this congregation filed a petition asking to have the congregational election at which appellants were declared elected as trustees, set aside because of alleged irregularities.  In the opinion it was pointed out that an election could not be reviewed in any such proceeding.  Our Brother STEWART said (p. 421) : "A statutory method is provided for the correction of such wrongs as are here complained of, not only adequate in itself, but exclusive, that is, by writ of quo warranto to test the right of parties to the office they claim to exercise.  We need only refer to the following cases which are directly in point: Com. v. Graham, 64 Pa. 339; Bedford Springs Co. v. McMeen, 161 Pa. 639; Dayton v. Carter, 206 Pa. 491."  Instead of adopting the suggestion and pursuing the remedy pointed out, it would appear, and counsel for appellant so states in his argument, that the defendants in their capacity as the session of said church, undertook arbitrarily to deprive appellant and others of their offices as trustees, and also to expel them from membership in the congregation. It seems that this church while nominally Presbyterian in its form of government, is really independent, and has no ecclesiastical connection with any other body. Ordinarily there would be in the Presbyterian Church, the right of appeal to the higher church courts.  But in this case, the local church session, is the only ecclesiastical tribunal for the congregation.  Aside from that, it is admitted that the church is governed by Presbyterian rules.  This means that all church officers are chosen by the membership of the congregation.  The session for the purpose of administering the spiritual affairs, and the trustees for administering the temporalities, including the care and custody of the property, and all financial affairs.  As we understand the rule, unless there be some local regulation in the congregation to the contrary, the trustees are not necessarily to be chosen from communicant members of the church, but

may be taken from contributing members of the congregation. The trustees are in no way responsible to the session, nor has the latter any jurisdiction over them. If, as is alleged here, the session of this church, undertook to dispossess appellant and other trustees of their offices, such action would be absolutely null and void. The trustees are answerable only to the congregation, the body which elects them. But, as pointed out above, if other persons are usurping the offices to which appellant and others are entitled, the proper remedy is quo warranto. The court below was wrong in suggesting in its opinion, that if appellant had suffered wrong in this particular, "he must apply to the church court, but this court has no power to revise the judgments of the former, even though they were irregular, and the proceedings were conducted contrary to church law."

The true principle is, that the decree of a church judicatory is binding upon the civil courts, "only when it is affirmatively shown that it has acted within the scope of its authority and has observed its own organic forms and rules": Kerr's App., 89 Pa. 97. As illustrating the principle involved, in this last case, GORDON, J., said (p. 112): "No longer ago than November last, in the case of Kopp, et al., v. The Minister, et al., of the St. Mark's Evangelical Lutheran church of Butler, we sustained the action of the court below in granting a mandamus to restore the plaintiffs to their corporate rights as members of that church. This was on the ground that the congregation had not adhered to its own organic laws in the trial and expulsion of these men. No doubt they were guilty of the offense charged; no doubt their conduct towards the church and its officers were disrespectful and contumaceous, but no matter, they were not properly tried, and they must be restored, if but for the purpose of trial." The same rule is applied to nonreligious voluntary societies: Com. v. Philanthropic Society, 5 Binn. 486; Franklin Beneficial As-

sociation v. Com., 10 Pa. 357; Evans v. Philadelphia Club, 50 Pa. 107.

Not because of any lack of jurisdiction to inquire whether the church court acted within the limits of its authority, and observed its own prescribed forms and rules of procedure, should the demurrer have been sustained by the court below. For inquiry of this nature and to this extent, the courts of Pennsylvania have ample jurisdiction. But because in this case the plaintiff has overlooked his statutory remedy, and has employed the wrong procedure for testing his rights, and for determining the real question in controversy, which is his right to the office of trustee, and to membership in the church, the judgment must be affirmed.