Lulejian et al. *v.* Hagopian et al., Appellants.

434

Argued January 24, 1935. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Vincent A. Carroll,* with him *F. C. Shaughnessy* and *James P. McCormick,* for appellants.

*Francis Thomas Anderson,* with him *James Neumann Lafferty,* for appellees.

Per Curiam, February 4, 1935:

This is a dispute between two church factions. Plaintiffs are the duly elected members of the Parish Council of St. Gregory Armenian Apostolic Church, located at 16th and Oxford Streets, Philadelphia. In that capacity they filed their bill setting forth rights, powers and duties assumed and to be performed by them in virtue of such membership, and alleging that defendants, claiming by a subsequent election to be the Parish Council, had forcibly taken possession of the church, had excluded plaintiffs, and superseded them in the performance of their ecclesiastical functions and duties during the remainder of the term of office for which they had been elected. Appropriate relief was prayed for, inter alia,

that defendants be "ordered and compelled to deliver up to plaintiffs the keys to St. Gregory's Apostolic Church and all monies, books, records, papers and other documents which rightfully belong in the possession of the plaintiffs under the provisions of the constitution of the" church.

Defendants' amended answer conceded plaintiffs' election for a two-year term expiring March 12, 1935, but alleged that they had been removed from membership in the Parish Council by the duly constituted authority of the Armenian Church of America and that defendants had been lawfully substituted. The answer admitted the averment in the bill that plaintiffs' church "is one of the Armenian Churches in America which together constitute" the Armenian Holy Apostolic Church of America, "governed, conducted and operated" by a certain constitution set forth in the record.

Were plaintiffs removed from office, and, if so, was the removal lawful? For present purposes, we assume that a lawfully constituted central executive committee of the Armenian Holy Apostolic Church of America had power, under the church constitution, to remove plaintiffs and to provide for the designation of their successors. The learned chancellor was unable to find from the evidence that the central executive committee, under whose action defendants claimed to exercise the right to act as members of the Parish Council, was the lawfully constituted central executive committee of the church, as distinguished from another central executive committee, also claiming to be the lawfully constituted committee. He found that, prior to the date when the removal of plaintiffs was said to have taken place, no notice was given to them "that any charges had been brought against them, or that their removal was being considered by the Central Executive Committee" and that "no hearing was held" by that committee "in connection with the removal of plaintiffs."

At the oral argument, defendants' counsel conceded that such notice was not given and that no hearing was held, but contended that plaintiffs had deprived themselves of the right to notice by repudiating, or refusing to recognize, the authority of that central executive committee which, defendants claim, was the lawfully constituted committee. The record does not require a discussion of this argument. Defendants concede that plaintiffs were lawfully elected for the term stated and that they had been in possession performing the duties of the Parish Council up to the time of the alleged removal. The burden of proof that they were lawfully removed was, therefore, on the defendants: McDowell v. Wilson, 252 Pa. 91, 94, 97 A. 100. The learned chancellor said "there is no evidence from which we can find . . . [that] . . . the alleged removal of plaintiffs was by a body authorized to remove." Unless it appeared that this body was what it purported to be,—which depended on evidence,—the effect of refusing to recognize it and of disregarding its requests became immaterial. The chancellor also found that the action of the central executive committee, on which defendants' rely, was a mere threat to remove on a contingency stated, and that, in fact, no removal by the committee was ordered; that the order of removal relied on was by the prelate of Armenians in America, not by the committee, and that the committee had no power to delegate its authority to the prelate.

Having concluded that defendants had not shown that the central executive committee, under whose authority they claimed the right to act, was the lawfully constituted central executive committee, and having concluded, on evidence, that, in any event, the plaintiffs had not been removed in accordance with the church constitution, the decree was inevitable. Nothing need be added to what was said in the learned chancellor's adjudication and in the opinion of the court in banc disposing of the exceptions filed by defendants.

Decree affirmed at the costs of appellants.