## Letham et al., Appellants, *v.* Watson.

## Letham et al., Appellants, *v.* Hill.

Argued April 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Harry J. Nesbit,* with him *M. E. Evashwick,* for appellants.

*Howard D. Montgomery,* for appellee (No. 24), was not heard.

*Stewart M. Cunningham,* for appellee (No. 25), was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

The question presented by these appeals is whether the right to occupy the position of "corporator" in a nonprofit, nonstock, cemetery corporation may be tested in quo warranto proceedings. The relators, appellants, are owners of cemetery lots. The trial judge sustained the proceedings, but the court en banc, reversing his conclusions, held that appellees were lawful corporators or members of the company and denied the writs. These appeals followed.

The Act of June 14, 1836, P. L. 621, section 2 (III), provides for the issuance of writs of quo warranto by a court of common pleas at the suggestion of any interested parties only where questions arise "concerning the exercise of any office, in any corporation, created by authority of law, . . ." Appellants contend that the corporators are a self-perpetuating body of officers like trustees of a church, whose right to office, it has been held, may be questioned in quo warranto proceedings: *Commonwealth v. Arrison,* 15 S. & R. 127; *Commonwealth v. Graham,* 64 Pa. 339; *Appeal of Nolde,* 2 Mona. 169. Appellees insist that the corporators are merely members of the corporation analogous to the stockholders of a business association.

When this cemetery company was formed, the word "corporator" generally meant a member of the corporation. See *Gulliver v. Roelle,* 100 Ill. 141, 147, construing the General Insurance Law of Illinois. "Corporator" was given a similar meaning in section 37 of the Bankruptcy Act of 1867. *In re Lady Bryan Min. Co.,* 14 Fed. Cas. 926 (No. 7978); *In re Atlantic Mut. Life Ins. Co.,* 2 Fed. Cas. 168 (No. 628). See also *II High, Extraordinary Remedies* (3d ed.), section 658. *Evans v. Philadelphia Club,* 50 Pa. 107, is another illustration of the use of the term to designate a member.

The charter of the company indicates that the corporators are a group of persons composing the membership of the corporation. Granted in 1881, it provides, in article IV, that its corporators shall hold elections to fill vacancies in their number. Article V provides that they shall elect annually a board of managers. From this board a president, secretary and treasurer are chosen. Article VI vests in the managers the complete direction of corporate affairs. The purpose of the company is stated to be the conduct of a public cemetery, nonsectarian and nonprofit. All income derived from the purchase and resale of land as burial lots by the managers is devoted to the improvement and mainte-

224

nance of the cemetery. The corporators have no duties other than as members, to perpetuate the existence and purpose of the organization. All of the administrative and executive functions are entrusted to the managers through the president, secretary and treasurer. They are the only ones to whom the appellation "officers" is properly applicable. The common pleas court has no power to entertain quo warranto proceedings against those who are not officers of a corporation: *Philips v. Commonwealth,* 98 Pa. 394.

Lot owners of a cemetery are not, unless specifically made so by the charter or by-laws, constitutents of the corporate group. But they do stand in close relationship to it, and through contract, express or implied, have interests in its property which give rise to mutual obligations. They are subject to the performance of duties in regard to their lots, and are entitled to certain privileges and benefits attaching to their status as purchasers. If any of their rights have been invaded, by the corporation or persons wrongfully acting in authority therefor, they may obtain full legal protection or redress by appropriate action. The proper remedy however is not by quo warranto proceedings against those allegedly usurping membership. It is obvious that a member of a corporation is not an "officer" within the meaning of the statute, and the right to occupy such a position cannot be tested by quo warranto. The court below was without jurisdiction to grant the relief prayed for in these proceedings.

The decrees are affirmed at cost of appellants.