## Tooks et al. v. Hardy et al.

*Abraham T. Needleman*, for plaintiffs.
*Raymond Pace Alexander*, for defendants.

ALESSANDRONI, J., November 23, 1943.—Complainants, asserting the fact of their election as officers and trustees of the African Methodist Episcopal Church of the City of Philadelphia, filed and served this bill in equity on May 24, 1943. The bill sets forth the procedure followed in the change of the bylaws of the congregation, the election of a nominating committee pursuant to the change, and the subsequent election of complainants to their respective offices. Notwithstanding the said election, it is averred that defendants, as predecessors to the several offices, have refused to turn over to the newly-elected officers the church property in their possession, including cash, bank books, minute book, etc. The prayer of the bill is framed to enjoin defendants from withholding the church property, from interfering with the operation and conduct of the affairs of the church by complainants as the duly-elected officers thereof, and from attempting to retain themselves in office.

On July 1, 1943, preliminary objections to the bill were filed, which objections were thereafter amended. The matter was first ordered on the argument list on September 10, 1943, which order was at the instance of complainants.

The preliminary objections, in essence, raise the question whether complainants have availed themselves of the proper procedure for testing the right to hold office. Complainants, seeking the dismissal of the preliminary objections, assert that defendants have violated Equity Rules 48 and 49.

### Discussion

There can be no serious dispute of the fact that defendants have violated and ignored the mandatory provisions of the Equity Rules. From the chronology hereinabove set forth, it is apparent that the preliminary objections were filed more than 30 days after the bill was served. Failure to comply with the provi-

sions of Equity Rule 48 must result in the objections being taken as waived: Sun Indemnity Company of New York v. Murphy et al., 37 Dauph. 272.

Further, if defendants were to pass the first objection noted, they are confronted with the mandatory provisions of Equity Rule 49, which require that, in the absence of amendment of the bill within 10 days after the objections thereto are raised, within 10 days thereafter defendant may order the matter on the argument list and, in default of this procedure, "all objections will be deemed finally waived." Hence, for this added reason, the preliminary objections must be dismissed: Johnson v. Benjamin Franklin Hotel Co., 45 D. & C. 192 (1942) ; Schoble v. Schoble, 46 D. & C. 611 (1942).

Having reached this conclusion, however, we are nonetheless confronted by the fact that the bill, although framed in terms of a property claim so as to present an issue justiciable in equity, actually is founded on the right of complainants to the church offices in question. Complainants, in the brief submitted, suggest that the inquiry of the court on preliminary objections must be limited strictly to the questions raised by the bill. However, whether raised by timely objection or not, the fact remains that the essence of the relief sought is one as to which a specific statutory remedy has been provided: Act of June 14, 1836, P. L. 621, 12 PS §2021 et seq.

Although some doubt has been voiced on the propriety of raising the question of jurisdiction where it has not been raised in the manner provided in the Equity Rules (see Mauser v. Lerch et al., 7 D. & C. 242, 244), the remedies of equity are always a matter of discretion and not of right. Hence, where it is apparent, as here, that the real issue between the parties is one of title to a church office, we must reject the bill and certify the matter to the law side of the court for pursuit of relief in the proper manner. Thus, in Mc-

Dowell v. Wilson, 252 Pa. 91 (1916), plaintiff brought an action in trespass to recover damages for wrongful expulsion from office. Defendant demurred on the ground that the matter was exclusively within the jurisdiction of the ecclesiastical tribunal and that no civil or property rights were involved. The court below sustained the demurrer. On appeal the Supreme Court held that, although the lower court erred in its reasons, the judgment must be affirmed (p. 95) :

"Not because of any lack of jurisdiction to inquire whether the church court acted within the limits of its authority, and observed its own prescribed forms and rules of procedure, should the demurrer have been sustained by the court below . . . But because in this case the plaintiff has overlooked his statutory remedy, and has employed the wrong procedure for testing his rights, and for determining the real question in controversy, which is his right to the office of trustee, and to membership in the church, the judgment must be affirmed."

That the proper remedy in a case such as this is by quo warranto is clearly established by Dayton v. Carter, 206 Pa. 491 (1903). There, also, a bill in equity was framed to compel the surrender of property and to enjoin defendants from doing anything to prevent the complainants being recognized as proper officers. Said the court (p. 496) :

"The right of the session to control in any way the property of the congregation is only incidental to the right to the office of elder. But this court has decided that a bill in equity to compel the surrender of the property of a corporation cannot be sustained where it appears that the real question in controversy is the validity of the election of the defendants as officers of the corporation. In such a case quo warranto is the appropriate remedy: Bedford Springs Co. v. McKeen, 161 Pa. 639. In that case, Mr. Justice Green says on page 642: 'In Commonwealth v. Graham, 64 Pa. 339, we

held that quo warranto is the proper remedy against persons usurping the office of trustees of a chartered church. It was a proceeding to test the title of the whole board and turned upon the validity of their election.'

"And in Nolde's Appeal, 2 Mona. 169, 175, the principle is thus stated: 'The question presented simply involves the determination of the right to the office and that question without more (and there is nothing else here) cannot be determined by a bill for an injunction. The rule of law on this subject is that the right of an officer in a corporation will not be tried upon an application for an injunction, nor will one who has been wrongfully removed from such office be restored by injunction. A court of equity will not assume jurisdiction in such a contest, where there is nothing involved which calls for the intervention of equity: High on Injunctions, 781, 789; Hilliard on Injunctions, 403.' "

### Order

And now, to wit, November 23, 1943, the preliminary objections are dismissed and the cause is certified to the law side of the court, without prejudice to the rights of complainants to proceed in accordance with the Act of June 14, 1836, P. L. 621, 12 PS §2021 et seq. Costs to follow the judgment therein to be entered.